## Boxing and Wrestling Exhibitions.

*Athletic Commission — Boxing and wrestling — Amateur performances— Jurisdiction—Tax on receipts—Act of June 14, 1923.*

1. The State Athletic Commission has jurisdiction, under the Act of June 14, 1923, P. L. 710, of all boxing, sparring and wrestling matches to which an admission fee is charged, and all persons holding such matches must pay to the Commonwealth 5 per cent. of the gross receipts from admission fees, even though only amateurs participate therein.

2. This construction is not affected by the fact that exhibitions in which all contestants are amateurs are excluded from the penal provisions of section 23 of the act.

Department of Justice. Opinion to Mr. Frank Wiener, Chairman of the Pennsylvania State Athletic Commission, Philadelphia.

SCHNADER, Special Dep. Att'y-Gen., July 14, 1927.—We have your request to be advised whether, under the Act of June 14, 1923, P. L. 710, persons conducting boxing, sparring or wrestling matches or exhibitions in which only amateurs participate are subject to the jurisdiction of your commission and

liable to pay to the Commonwealth 5 per centum of the gross receipts derived from admission charges to such matches or exhibitions.

Section 4 of the Act of 1923 is, in part, as follows: "Boxing, sparring and wrestling matches or exhibitions for purses or where an admission fee is received are hereby allowed, except on Sundays. The commission shall have, and hereby is vested with, the sole direction, management, control and jurisdiction over all such boxing, sparring and wrestling matches or exhibitions to be conducted, held or given within this Commonwealth, and it is hereby authorized to issue licenses therefor. No such boxing, sparring or wrestling match or exhibition shall be conducted, held or given within the Commonwealth except in accordance with the provisions of this act. . . . The commission is hereby further given the sole control, authority and jurisdiction over all licenses to hold boxing, sparring or wrestling matches or exhibitions for purses or where any admission fee is received, and over all licenses to any and all persons who participate in such boxing, sparring or wrestling matches or exhibitions as hereinafter provided."

Section 5 of the act provides for the granting of licenses to conduct, hold or give boxing, sparring and wrestling matches or exhibitions.

Section 6 provides that "all corporations or persons, physicians, referees, judges, time-keepers, professional boxers, professional wrestlers, their managers, trainers and seconds shall be licensed by the said commission. . . ."

Section 21 of the act provides that "every corporation or person holding any boxing, sparring or wrestling match or exhibition under this act for which an admission is charged and received shall pay to the State Treasurer 5 per centum of the total gross receipts, exclusive of any Federal taxes paid thereon."

Clearly the provisions of the Act of 1923 to which we have referred subject to the jurisdiction of your commission all boxing, sparring and wrestling matches for which an admission fee is received, and require the persons conducting such matches or exhibitions to be licensed and to pay to the Commonwealth 5 per centum of the gross receipts from the admission fees charged and received for such matches or exhibitions.

We understand that it has been urged upon you that section 23 of the Act of 1923 indicates that the legislature did not intend to subject to the jurisdiction of your commission contests in which all of the participants are amateurs. Section 23 is as follows: "Any person or persons, association or corporation, directly or indirectly, holding any boxing, sparring or wrestling match or exhibition, except where all contestants are amateurs, without first having procured a license as hereinbefore prescribed, shall be guilty of a misdemeanor, and, on conviction, shall be sentenced to pay a fine of not exceeding $5000."

It is argued that the legislature, by not rendering this penal section applicable to the conduct of matches or exhibitions in which all the contestants are amateurs, expressed an intention not to bring such matches or exhibitions under the jurisdiction of your commission and not to require a percentage of admission fees to such matches or exhibitions to be paid into the State Treasury.

This argument does not rest upon any substantial basis.

The legislature might have omitted entirely all penal provisions without in any wise impairing the validity of the act. It could and did include in the act penal provisions rendering only certain violations thereof criminal offences. That it did not declare certain violations of the act to be criminal offences, punishable by fine or imprisonment, cannot be taken as the basis for deleting

by construction the plain, unambiguous provisions of the act, violations of which were not made criminal offences.

Section 4 unquestionably renders subject to the jurisdiction of your commission not only boxing, sparring and wrestling matches or exhibitions "for purses," but also all such exhibitions "where an admission fee is received.". Whether the contestants are professionals or amateurs is immaterial if an admission fee is charged and received.

Accordingly, you are advised that your commission has jurisdiction of all boxing, sparring and wrestling matches or exhibitions to which an admission fee is charged, and that all persons holding such matches or exhibitions must pay to the Commonwealth 5 per centum of the gross receipts realized from admission fees. While your commission cannot prosecute persons holding amateur matches or exhibitions without a license, you are not without means of compelling obedience to the act of assembly. You can apply for and, in our opinion, obtain injunctive relief against any person, association or corporation which proposes, without having obtained a license, to hold boxing, sparring or wrestling matches or exhibitions for purses or where an admission fee is to be received.

So that there may be no misunderstanding on your part, we call your attention to the fact that, while you can compel persons, associations or corporations holding matches or exhibitions in which the contestants are amateurs to be licensed by your commission if admission fees are to be charged, you cannot, under section 6 of the Act of 1923, compel amateur contestants to obtain licenses from your commission. As far as contestants are concerned, only professional contestants, as particularly defined in section 6, need apply for and receive licenses entitling them to participate in athletic contests under your supervision.

From C. P Addams, Harrisburg, Pa.